

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A.E. Hickerson
County Auditor
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. O-2633
Re: Indigents - Paupers - Commissioners'
Courts.

Your request for opinion has been received and carefully considered by this department. We quote from your letter as follows:

"Does the Commissioners' Court have authority to spend money on indigents for medical attention and medicines other than those that have been regularly placed on the pauper roll."

Article 2351, Vernon's Annotated Texas Civil Statutes, reads in part as follows:

"Each commissioners court shall:

. . . . .

"11. Provide for the support of paupers and such idiots and lunatics as cannot be admitted into the lunatic asylum, residents of their county, who are unable to support themselves. By the term resident as used herein, is meant a person who has been a bona fide inhabitant of the county not less than six months and of the State not less than one year."

Article 4438, Vernon's Annotated Texas Civil Statutes, reads as follows:

"If there is a regular established public hospital in the county, the commissioners court shall provide for sending the indigent sick of the county to such hospital. If more than one such hospital exists in the county, the indigent patient shall have the right to select which one of them he shall be sent to."

Honorable A  B. Hickerson, Page 2

We quote from 32 Texas Jurisprudence, pages 611 and 612, as follows:

"In a general sense a person may be said to be a 'pauper' who is very poor, but the term is usually understood in our state to mean a person so indigent as to be dependent on the public for support. The term certainly cannot be applied to a person who has always been able to support himself and those dependent upon him....

"It is made the duty of commissioners' courts to provide for the support of paupers who are residents of the various counties; but this duty does not extend to transient persons who are unable to support themselves. The term 'support', as here used, means more than supplying food, clothing and living quarters; it means all that is necessary to bodily health and comfort, including proper care and treatment during sickness. This, it has been said, 'is a supreme obligation of humanity, independent of any statutory mandate.' Commissioners' courts may contract for medical services to be rendered to paupers,....

"If there is a public hospital in the county, it is the duty of the commissioners' court to provide for sending there the indigent sick; but the court is not required to send such persons to private hospitals or to public hospitals outside the county...."

We quote from the case of Willacy County vs. Valley Baptist Hospital, 29 SW (2nd) 457, as follows:

"The powers and duties of county commissioners' courts, and the obligations of the counties to paupers, are fixed by statute, and cannot be enlarged upon by unnecessary implication. These powers and duties, in so far as applicable here, are defined in and restricted by the provisions

of Articles 2351 and 4338, Rev. St. 1925. In
Article 2351 it is provided that each commission-
ers' court shall (subdivision 11) 'provide for
the support of paupers....residents of their
county, who are unable to support themselves,'
and (subdivision 12) 'for the burial of paupers.'
In Article 4438 it is provided that 'if there is
a regularly established public hospital in the
county, the commissioners' court shall provide
for sending the indigent sick....to such hospi-
tal.' In the latter provision the duty and
authority of the commissioners' court to send
the indigent sick to hospitals is limited to
'public' hospitals within the county, which pro-
vision, by necessary implication, excludes any
duty or authority to send such persons to pri-
vate hospitals, or to public hospitals without
the county."

The term "indigent" has been defined by the courts
on many occasions. We quote the following definitions:

"A person is indigent who is destitute of
property or means of comfortable subsistence;
one who is needy or poor." Juneau County vs.
Wood County, 85 NW 387, 388, 109 Wis. 330.

"Word 'indigent', when used in connection
with admissions to county hospitals, includes
inhabitant of county who possesses required
qualifications of residence, and has insuffi-
cient means to pay for his maintenance in pri-
vate hospital after providing for those who
legally claim his support." Goodall vs. Brite,
54 Pac. 2nd 510, 515, 11 Cal. App. 2nd 540.

"To be indigent does not mean that a per-
son must be a pauper, and, within the meaning
of the statute relating to the commitment of
the insane to the Government Hospital for the
insane, an insane person with insufficient
estate to pay for his maintenance in the hos-
pital after providing for those who could claim

his support, is indigent." Depree vs. District
of Columbia, 45 App. D.C. 54, 59.

Thus it may be seen that all paupers are indigent
persons. As to whether or not an indigent person is a pauper
will be determined by the degree of his indigency. This is
a question of fact for the commissioners' court to determine
in their sound discretion. If the commissioners' court deter-
mines that an indigent person is a pauper the court would be
authorized to aid him as such under Article 2351, Sub. 11,
supra. We have been unable to find any statute requiring any
particular mode of procedure whereby the commissioners' court
determines the question of pauperism nor any statute requiring
the making up of a roll of adjudicated paupers of the county.

You are therefore respectfully advised that it is
the opinion of this department that if the commissioners' court
determines that an indigent is a pauper it may furnish medi-
cal aid and medicines to him as such, regardless of whether
or not he has been placed upon the pauper roll of the county,
inasmuch as there is no statutory requirement for the making
up of a county pauper roll. It is the further opinion of this
department that the commissioners' court has the authority to
aid 'indigent sick', who may or may not be 'paupers', by
sending such 'indigent sick' to 'public' hospitals within
the county. The question of 'indigency' is also a question
of fact to be determined by the commissioners' court.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 23, 1940

By

Wm. J. Fanning
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:AW

